UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PEDRO DIAZ, | ) | CASE NO. 4:08 CV 1618 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| HARLEY G. LAPPIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On July 3, 2008, pro se petitioner Pedro Diaz filed the above-captioned habeas corpus action under 28 U.S.C. § 2241 against Harley G. Lappin, Director of the Bureau of Prisons (BOP), Corrections Corporation of America ("CCA") President John D. Ferguson, and Warden Joseph D. Gunja at the Northeast Ohio Correctional Center (N.E.O.C.C.) Mr. Diaz, who is incarcerated at N.E.O.C.C., asserts that his transfer to a CCA facility based on national origin is a violation of his Fifth and Fourteenth Amendment rights under the Constitution, as well as 18 U.S.C. § 242 and 18 U.S.C. § 4001. He seeks an order declaring the contractual arrangement between CCA and the BOP null and void, immediately transferring him to a low security BOP facility and directing the BOP to provide all inmates the same benefits and privileges regardless of their national origin.

*Background*

Mr. Diaz is a "non-citizen Cuban immigrant . . . determined . . . to be a non-removal [sic] alien from the United States because the designated country of removal will not accept his return." (Pet. at 2.) In 1998, he was indicted in the United States District Court for Eastern District of Pennsylvania. United States v. Diaz, No. 2:98-cr-0605 (E.D. Pa. 1998). He pleaded guilty to drug trafficking in violation of 21 U.S.C. §§ 841 and 846. The court sentenced him to 60 months in prison on August 10, 2006.

On October 15, 2006, petitioner was placed in the "FCI - Low" part of the Allenwood Federal Correctional Complex in White Deer, Pennsylvania He was subsequently transferred from Allenwood to N.E.O.C.C. on or about October 15, 2007. He alleges that the transfer was based on his "race, national origin and immigration status."[1] Petitioner asserts that a transfer on this basis violates the Fifth and Fourteenth Amendments of the Constitution because it impermissibly classified him by race and national origin.

Mr. Diaz contends that he is entitled to be treated the same as all other similarly situated low security inmates because he meets the regulatory definition of an "inmate," as set forth in 28 C.F.R. Part 500.1(c). While he does not specify how he is being treated less favorably at a CCA facility, petitioner asserts that any arrangement that treats low security inmates differently based on their national origin or immigration status violates the Constitution.

*28 U.S.C. § 2241*

"As the Supreme Court has made clear, 'federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C § 2254[§ 2241 for

---

[1] Other than noting that he is not a citizen of the United States and the fact that a detainer was issued against him by BICE, Mr. Diaz does not identify his race.

2

federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.'" Hodges v. Bell, No. 04-6167, 2006 WL 508043, (6th Cir. Mar. 2, 2006) (quoting Muhammad v. Close, 540 U.S. 749 (2004)).  Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the "legality or duration" of confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). In Nelson v. Campbell, 541 U.S. 637, 643 (2004), the Court reiterated this holding when it explained that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." See also Muhammed v. Close, 540 U.S. 749, 750(2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

   Mr. Diaz files a complaint that challenges the validity of his prison transfer and the conditions of his confinement at N.E.O.C.C.  He does not complain regarding the validity of his conviction or duration of his sentence. Instead, he seeks to change the manner in which he is serving his sentence.  Specifically, he claims that his civil rights, pursuant to the Fifth and Fourteenth Amendments, are being violated by the respondents.  Because habeas relief is designed to test the fact or duration of confinement, Thomas v. Eby, 481 F.3d 434, 438 (6th Cir.2007), this court cannot grant the relief petitioner seeks pursuant to 28 U.S.C. § 2241.  To the extent he seeks relief other than release, the appropriate action would be to file a civil rights complaint. Preiser, 411 U.S. at 484.

*Conclusion*

   Based on the foregoing, the petition is denied pursuant 28 U.S.C. § 2243.  Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not

3

be taken in good faith.

        IT IS SO ORDERED.


Dated: September 19, 2008                  *s    James S. Gwin*
                                                      JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE